UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DWAINE R. LARUE, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:16CV37 CEJ |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## MEMORANDUM

This matter is before the Court on the motion of Dwaine Larue to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Movant argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). .

Movant pled guilty to one count of conspiracy to possess pseudoephedrine with intent to manufacture methamphetamine and one count of possession of pseudoephedrine with intent to manufacture methamphetamine. *United States v. Larue*, No. 4:14CR107 CEJ (E.D. Mo.). The Court sentenced him to 130 months' imprisonment. Movant's sentence was enhanced under Section 4B1.1 of the United States Sentencing Guidelines which provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

At sentencing, the Court found that movant was a career offender because he had a prior felony conviction for possession of cocaine base and a felony conviction for second-degree assault arising from an incident in which movant attempted to run over a police officer with his vehicle. The latter conviction qualified as a crime of violence, which is defined in Section 4B1.2(a)(1) as a felony offense that "has as an element the *use, attempted use, or threatened use*

*of physical force against the person of another . . .*" (emphasis added). In his motion to vacate, movant argues that his Missouri conviction for second degree assault was not a "crime of violence" under the ruling in *Johnson*.

In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. 135 S.Ct. at 2563. The residual clause of the ACCA expands the definition of "crime of violence" to include a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The career offender guidelines contain a comparable residual clause in § 4B1.2(a)(2). However, the determination of movant's status as a career offender was not based on that guideline provision, but was based on § 4B1.2(a)(1). Therefore, the holding in *Johnson* does not apply in this case and movant is not entitled to relief.

Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

A separate judgment will accompany this Memorandum.

Dated this 14th day of January, 2016.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE